[No. 7,568.—In Bank.]
March 22, 1882.

## HARRIET JAY ELIOTT MORSE *v.* ANNIE E. WRIGHT
ET AL.

UNRECORDED DEED—SUBSEQUENT PURCHASER IN GOOD FAITH—RECITAL OF CONSIDERATION IN DEED—EVIDENCE.—M. purchased land, but caused the deed to be taken in the name of J., and the deed was duly recorded. M. took possession, and afterwards at his request the property was conveyed to him by J.; but the deed was not recorded until after the commencement of this action. Afterwards, at the instance of M., J. made a deed to the plaintiff, then a single woman but subsequently the wife of M. This deed recited a consideration of six thousand dollars, and was delivered and recorded after the marriage—the plaintiff having no notice of the former deed; but there was no proof as to the consideration. Afterwards M. sold and conveyed the land to the defendant for the sum of twelve thousand dollars. J. sues to recover the land.

*Held:* It is apparent that the legal title to the premises is with defendant. It is only subsequent purchasers for a *valuable consideration* who are protected against prior conveyances unrecorded; within which category plaintiff does not come.

ID.—ID.—ID.—ID.—ESTOPPEL.—There is no ground for the operations of the doctrine of estoppel in favor of the plaintiff against the defendant.

APPEAL from a judgment for the defendants, and an order denying a new trial in the Superior Court of Mendocino County.  HUDSON, J.:

As stated in the syllabus the deed to the plaintiff from J. recited a consideration of six thousand dollars.

*J. E. Foulds* and *J. B. Lamar*, for Appellant.

The title of the plaintiff to the demanded premises is good: 1. Because she is a purchaser in good faith, for a valuable consideration.  There is no question as to her good faith. This Court says, in its opinion: "It is true that the deed to Morse was not of record, and it does not appear that the plaintiff knew anything of it at the time of the delivery of the deed of Jay to her."

Now, as to the testimony and law on this point:  The deed from Jay to plaintiff recites as a consideration "the sum of six thousand dollars, lawful money of the United States of America," etc.  "A valuable consideration means a pecuniary consideration."  (*Clark* v. *Tray,* 20 Cal. 219.)

The presumption of law is that the recital of the consideration paid in the deed from Jay to plaintiff is true.  Of course it is a disputable presumption; but who disputes it? We challenge the whole transcript to show one particle of evidence, direct or indirect, impeaching, or attempting, or tending to impeach the valuable consideration recited in the deed of Jay to plaintiff.  (C. C. P., §§ 1961, 1962, 1763, subd. 39, 1615; *Stephens* v. *Mansfield,* 11 Cal. 363; Woods' Digest, p. 103, Art. 363, § 26; Hittell's Digest, Par. 668, § 26.)

*S. W. Holladay,* for Respondent.

The subsequent deed is unavailing to plaintiff, she appearing to be not a *bona fide* purchaser for value.  (Civil Code, 1107, 1214.)

ROSS, J.:

The action is ejectment for a tract of land in Mendocino county.  It appears from the record that the land was purchased on the third of November, 1858, by Salmi Morse from

Solada Duarte and husband (the then owners) for the sum of four thousand dollars—the deed being by Morse's direction, executed by the Duartes to one Robert Jay. This deed was duly recorded, and under it Morse took possession of the property. A few days afterward, that is to say, on the seventeenth of November, 1858, at the instance of Morse, Jay executed to him (Morse) a deed of conveyance of the land. This deed was not recorded until after the commencement of the present action. On the twenty-ninth of November, 1875, Morse, in consideration of the sum of twelve thousand dollars paid to him by the defendant, Anna E. Wright, executed to her a deed of conveyance of the land, under which deed defendant entered into possession of the premises as owner thereof, and has so remained ever since. The findings of the Court further show that Morse, from the time of his purchase on the third of November, 1858, until his sale to the defendant on the twenty-ninth of November, 1875, was, by himself and through tenants, in the possession of the land, claiming it as his own, and exercising repeated, open and notorious acts of ownership of it.

From the above facts it is apparent that the legal title to the premises is in the defendant, Anna E. Wright.

But there are other facts in the case and they are these: Some months after the execution of the deed from Jay to Salmi Morse conveying to the latter the demanded premises, that is to say, on the thirtieth of May, 1859, Jay signed and acknowledged as grantor, a quitclaim deed, which was drawn by Salmi Morse, purporting to quitclaim the said premises to Harriet Jay Elliott, who was then in England. This deed was so drawn, signed and acknowledged without the knowledge or request of the grantee, and without any consideration paid therefor. Shortly after this Harriet Jay Elliott came to California from England, pursuant to an engagement with Salmi Morse to marry him, made about a year prior thereto; and they were married at San Francisco, July 9, 1859.

There was no marriage contract between them relative to the demanded premises or to any other property.

Up to the time of the marriage, the deed drawn by Salmi Morse from Robert Jay to Harriet Jay Elliott had not been delivered. The Court below found that it never was delivered. We are inclined to think this finding ought to have been

the other way in view of the evidence; for the plaintiff testified that four or five days after her marriage with Salmi Morse she went to reside upon the land with her husband, when the latter handed her the deed and said: " Here is the paper of this ranch; that is yours." We find nothing in the record contradicting this statement, and it finds support in the fact that the deed was placed on the records of the county July 16th, 1859. For the purpose of our decision, therefore, we will treat the deed from Jay to Harriet Jay Elliott as having been delivered. But what of it ? The title to the property was not in Jay when the deed was made. It had been previously conveyed by him to Salmi Morse. It is true that the deed to Morse was not of record, and it does not appear that the plaintiff knew anything of it at the time of the delivery of the deed of Jay to her. But it is also true that, as respects subsequent purchasers, it is only subsequent purchasers for *a valuable consideration,* who are protected against prior conveyances unrecorded, within which category plaintiff does not come.

But it is said that the defendant is estopped from denying that the deed from Jay to plaintiff conveyed to her the title. On what principle we are unable to see. Plaintiff paid nothing for the deed from Jay, which conveyed nothing for the reason, as already stated, that Jay had at the time of making the deed, nothing to convey; while the defendant paid to Salmi Morse the sum of twelve thousand dollars for the legal title to, and the possession of, the premises conveyed and delivered by him to her. We see no ground for the operation of the doctrine of estoppel in favor of the plaintiff as against the defendant.

Judgment and order affirmed.

MYRICK, McKINISTRY, SHARPSTEIN, and McKEE, JJ., and MORRISON, C. J., concurred.